**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARKESHA PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| STELLAR RECOVERY, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant. ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| ) | |

MARKESHA PERKINS, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STELLAR RECOVERY, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA.")

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Illinois, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in University Park, Illinois.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect an alleged consumer debt for a Comcast bill.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes, as Plaintiff has no business debt

12. Throughout June 2014, Defendant's collectors, including but not limited to Ronell Moore, placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect this alleged debt.

13. Defendant's calls originated from numbers including, but not limited to 877-236-5791, which the undersigned has confirmed belongs to Defendant.

14. Plaintiff told Defendant to stop calling her.

15. However, despite Plaintiff's request to cease communication, Defendant persisted in calling her.

16. Once Defendant was told the calls were unwanted and to stop, there was no

lawful purpose to making further calls, nor was there any good faith reason to place calls.

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

18. Defendant's actions in attempting to collect the alleged debt were harassing, abusive, and taken with the intent to coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

21. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff, when it continued to call her after it knew its calls were unwanted, and when it engaged in other harassing, oppressive and abusive conduct.

## COUNT II
## DEFENDANT VIOLATED §§ 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

23. Defendant violated §1692f of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff, when it continued to call her after it knew its calls were unwanted, and when it used other unfair and unconscionable means to attempt to collect a debt.

**COUNT IX**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**("TCPA")**

24. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

25. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

26. Despite the fact that Plaintiff revoked consent with Defendant by requesting that no further calls be placed to cell phone, Defendant repeatedly placed non-emergency calls to Plaintiff's telephone without Plaintiff's consent.

27. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

28. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's telephone, using a pre-recorded or artificial voice in violation of 47 U.S.C. Section 227(b)(1)(B).

29. Defendant called Plaintiff on her telephone dozens of times.

30. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service after Plaintiff revoked consent for calls to be placed to that number.

WHEREFORE, Plaintiff, MARKESHA PERKINS, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
   d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and
   e. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARKESHA PERKINS, demands a jury trial in this case.

                                        RESPECTFULLY SUBMITTED,

DATED: 9-26-14           KIMMEL & SILVERMAN, P.C.

                               By: /s/ Amy L. Bennecoff
                                   Amy L. Bennecoff, Esq.
                                   30 E. Butler Avenue
                                   Ambler, PA 19002
                                   Tel: 215-540-8888
                                   Fax: 215-540-8817
                                   abennecoff@creditlaw.com
                                   Attorney for the Plaintiff